## LEE v. COMMONWEALTH.

Court of Appeals of Kentucky.
Dec. 6, 1951.

R. L. Brown, Joe S. Feather, Williamsburg, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Carl Lee, James Lee and Jess Llewallen were charged with the crime of striking Bud Perry with a deadly weapon, a chair, with intent to kill. James Lee entered a plea of guilty and was sentenced to five years in prison. Upon his separate trial Carl Lee pleaded not guilty and he received a five year sentence. On this appeal Carl is contending that his motion for a directed verdict should have been sustained and that the trial court instructed the jury erroneously.

The two Lees, Llewallen and two other boys, stopped at the Perry home late one Sunday afternoon to get out of a shower. Mr. Perry said he told the parties they could come up on the porch, but they went on in the house. Two of the boys went outside, leaving the Lees, Llewallen and Mr. and Mrs. Perry, inside. The Perrys were in their late sixties. James Lee was drunk and there was evidence that other members of the party were drinking. James threatened Mrs. Perry with a knife and she started toward the kitchen. According to Mr. Perry, Carl Lee jerked him down on the floor and struck him with his fist. James and Carl had a whispered conversation about sticking together. Mrs. Perry said James threatened to make her take her clothes off and that she got out of the house and went to a neighbor's. Mr. Perry fell or was thrown across a bed. One of the Lee boys struck him with a chair and knocked him unconscious. At one place in his testimony Mr. Perry said James hit him with a chair and at another he said Carl hit him. On cross-examination, however, he said, "One or 'tother'" hit him with the chair; he did not know which. Carl testified that he did not strike Mr. Perry with a chair. James testified that he was the one who struck him with it.

Under the instructions the jury could have found that Carl struck Mr. Perry with the chair or that he aided and abetted James in so doing. Obviously, there was sufficient evidence to warrant the submission of the question of Carl's guilt to the jury. We think, however, it was error to submit the question of whether Carl was guilty as the principal. The most that can be spelled out of Mr. Perry's testimony is that he did not know which one of the boys struck him with the chair. Of course, the testimony for Carl shows conclusively that James did the striking.

We do not see how the case can be distinguished from that of Howard v. Commonwealth, 304 Ky. 149, 200 S.W.2d 148. There the testimony did not show which of the accused did the fatal cutting. It was said that the instructions in every case should be based upon the facts proven. It was pointed out also that it is reversible

error for the court to submit to the jury the question of the defendant's guilt as principal when the evidence connected him with the crime only as an aider and abetter. We do not think the evidence in this case warranted the jury in finding Carl guilty as a principal.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.